Nott, J.
The question is, whether the statute of limitations will bar dower. The words of our act are, “ If any person to whom any right or title to lands, tenements or hereditaments shall descend or come, do not prosecute the same within five years after such right or title accrued, then he, she or they, shall be forever barred to recover the same.” These words embrace a right to dower, as well as any other right to lands or hereditaments. Mrs. Ramsay’s right accrued at her husband’s death, and the statute then began to run. It is argued that she is a joint tenant with the de *247 fendant, but this is not correct; to constitute a joint tenancy, there must be an unity of interest, title, time and possession, all of which are wanting here. In the case of 'Davidson v. Roach, decided in this court, it was determined that a widow could not enter on the land, until her dower was assigned ; but this could not be, if she is to be considered a joint tenant.
Brevard, J.
It is true, dower is favored in law, and the act of limitations being in restraint of the common law, is to be construed strictly : but it is equally true, that the act of limitations, in this State, plainly and certainly limits the right of action to recover the^ possession of lands, to five years after the time when the right of the party accrued, descended, or came ; and declares that all claim to lands shall be by action, or suit at law, in the Court of Common Pleas. In the case of Elizabeth Lide v. Edward Reynolds, decided in Columbia, in 1802, it was determined, that the statute of limitations may be a bar to dower. The late Judge Wiids, then at (he bar, was retained for one of the parties, and took considerable pains to investigate the subject: the result of his researches was a settled opinion, that the plea was certainly good. Except Plow. 873, the English authorities are all in support of the position. 2 Co. 93. 10 Co. 49, 99. 3 Inst. 216. Hol. 265. See, particularly, Dyer, 224, a. Dampert and uxor v. Wright. Dyer refers to Hil. 4 Hen. 8, and says, such bar was pleaded, and held for a good plea. In Connecticut, however, it seems it has been otherwise adjudged. 1 Swift’s Sys. 256.
CoicocK and Bat, Js., concurred. Smith, J., dissented.